Matthias, J.,
 

 dissenting. I cannot concur in the de- • cisión in this case, and particularly dissent from the action of the majority in overruling paragraph two of the syllabus in the case of
 
 Powell
 
 v.
 
 State, ex rel. Fowler,
 
 84 Ohio St., 165, 95 N. E., 660, 36 L. R. A. (N. S.), 255.
 

 Concededly the circumstances as disclosed by the record in this case were not such as to render it impos
 
 *316
 
 sible that the husband of the plaintiff could be the father of the child.
 

 I am in full accord with the forceful statement of Judge Donahue in his opinion in that case which I deem quite pertinent here. He said: “Public policy requires that the status of a child born or begotten in lawful wedlock should be fixed and certain, and the immediate exigencies or even the apparent justice of any particular case will not justify a departure from the rule so necessary and salutary to the best interests of society. The law is not willing that a child shall be declared a bastard to suit the whims or purposes of either parent, nor upon evidence merely that no actual act of intercourse occurred between husband and wife at or about the time the wife became pregnant. The proof must be such as to show the impossibility of access, and this evidence not only fails to prove that, but on the contrary it does show that access was a physical possibility * * * .”
 

 Bell, J., concurs in the foregoing dissenting opinion.